

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **PHILIP ZEPTER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04 C 6616 |
| | ) | |
| v. | ) | Judge Mark Filip |
| | ) | |
| **PHILLIP DRAGISIC,** | ) | Magistrate Judge |
| **WHITE EAGLE, INC.,** | ) | Martin C. Ashman |
| and **BRANKO BORICICH,** | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant, Philip Dragisic, moves this Court to reconsider its April 24, 2006 finding that the accountant-client privilege was waived as to the "June 26, 2002 documents." Plaintiff, Philip Zepter, Defendant and Cross-Defendant, Branko Boricich, and Cross-Defendant, White Eagle, Inc., oppose Dragisic's motion. This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. For the reasons that follow, Dragisic's motion is denied.

### I. **Background**

On January 11, 2006, Zepter filed a motion to compel accountant Allan M. Abrams and Dragisic to produce documents and provide information that they withheld from Abram's response to Zepter's subpoena. On February 14, 2006, this Court ordered Dragisic to file an amended privilege log for accountant Abrams within fourteen days. On February 27, 2006, Dragisic filed his *Amended Accountant's Privilege Log of Allen M. Abrams, CPA*. On March 9, 2006, the Court held oral argument regarding Dragisic's amended privilege log at which time the

privilege log was granted in part and denied in part. The Court refused to decide whether an accountant-client privilege applied to a June 26, 2002 meeting between Dragisic, his accountant Abrams, his mother, Stanislava Dragisic ("Stanislava"), and his attorney Richard Lang ("Attorney Lang") because there was a dispute as to the position of Attorney Lang. The Court set an evidentiary hearing for April 24, 2006, to resolve the matter.

At the April 24, 2006 evidentiary hearing, Dragisic argued that (1) Attorney Lang did not represent White Eagle at the time of the June 26, 2002 meeting in question, and (2) Stanislava's presence at the June 26, 2002 meeting in question did not destroy any privilege because she shared a common interest with her son. After hearing the parties' evidence and testimony, the Court found that Attorney Lang represented White Eagle in June 2002. (Dkt. No. 105.) The Court based this decision, in significant part, on a May 7, 2002 email sent by Attorney Lang to Zepter in which Attorney Lang writes, "I have recently been retained by White Eagle, Inc. . . . ." (Evid. Hearing, Ex. 2.) Having found that Attorney Lang represented White Eagle at the time of the June 26, 2002 meeting in question, the Court concluded that Attorney Lang's presence at that meeting resulted in the waiver of Dragisic's accountant-client privilege. (Dkt. No. 105.) Thus, with regard to the "June 26, 2002 documents," the Court rejected Dragisic's privilege argument and granted Zepter's motion to compel. (Id.)

Dragisic filed the instant motion on May 1, 2006, and oral argument was held on June 21, 2006. In his motion, Dragisic asks this Court to reconsider its April 24, 2006 order because (1) despite Attorney Lang's presence at the June 26, 2002 meeting, Dragisic reasonably expected that the communications between and among the persons present at the meeting and any documents memorializing said communications would remain confidential, (2) the common

interest doctrine protects the privilege from waiver, and (3) an accountant-client relationship existed between Abrams and White Eagle protecting the "June 26, 2002 documents" from disclosure. (Dragisic's Mot. at 2.) In their responses, Zepter, Boricich, and White Eagle argue that there are no grounds for reconsideration and Dragisic's motion should be denied.

## II. Discussion

Although motions to reconsider are not explicitly provided for in the Federal Rules of Civil Procedure, such motions are routinely presented. Courts commonly treat these motions as if they fall under the scope of Rule 59(e), which provides for the amendment of judgments, even when they are requests to reconsider orders instead of final judgments. *See e.g. Rasho v. Snyder*, No. 00 C 528, 2003 WL 716578, at *3 (S.D. Ill. Feb. 28, 2003) (noting that if motions to reconsider are "filed within ten days of the entry of the judgment or order in the case, the motions are construed as motions to alter or amend under Federal Rule of Civil Procedure 59(e)"). Rule 59(e) should be used to direct a court's attention to newly discovered evidence or a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The rule allows the court "to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Nevertheless, it is not an opportunity for a disappointed party to rehash the same arguments that it raised earlier. *Oto*, 224 F.3d at 606. The motion for reconsideration is appropriate when:

> The Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal citations omitted).

### A. Dragisic Has Not Presented the Court With Any Compelling Grounds for Reconsidering the April 24, 2006 Order.

Dragisic asks this Court to reconsider its April 24, 2006 order for three reasons. First, Dragisic claims that all of the conditions necessary for the establishment of an accountant-client privilege were met in this case and that, despite Attorney Lang's presence at the June 26, 2002 meeting, Dragisic reasonably expected the communications between and among the persons present at the meeting and any documents memorializing said communications would remain confidential. (Dragisic's Mot. at 3-4.) Next, Dragisic argues that, assuming Attorney Lang was representing both Dragisic and White Eagle, the documents produced during the June 26, 2002 meeting remain privileged under the common interest doctrine because Dragisic and White Eagle were facing a common litigation opponent and had a strong identity of legal interests. (Id. at 5.) Finally, Dragisic infers that an accountant-client relationship must have existed between Abrams and White Eagle because if Attorney Lang was representing both Dragisic and White Eagle then logic dictates that Abrams was also representing White Eagle. (Id. at 6.)

Dragisic attempts to rehash previously rejected arguments. Not only were Dragisic's reconsideration arguments previously available to him, but at the April 24, 2006 hearing Dragisic actually claimed that (1) all of the conditions necessary for the establishment of an accountant-client privilege were met in this case, (2) he reasonably expected all communications between and among the persons present at the June 26, 2002 meeting would remain confidential,

and (3) in light of the common interest doctrine, Stanislava's presence at the June 26, 2002 meeting did not destroy his accountant-client privilege. While Dragisic chose not to argue that the common interest doctrine applied to White Eagle, he certainly could have done so. Similarly, Dragisic's inference that an accountant-client relationship existed between Abrams and White Eagle could have been raised on April 24, 2006, but was not.

Dragisic suggests that reconsideration of the April 24, 2006 order is warranted because there have been significant changes in the law and facts relating to this case. When asked what new facts have come to light, however, Dragisic responded that this Court's determination that Attorney Lang represented White Eagle in June 2002 is a new fact. (Oral Arg., June 21, 2006.) As all of the facts this Court relied upon in its April 24, 2006 order existed before the hearing, the Court rejects this argument. Dragisic next cites to *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 415-17 (N.D. Ill. 2006), and argues that there has been a significant change in law regarding the common interest doctrine. (Oral Arg., June 21, 2006.) As an initial matter, the Court notes that *In re Sulfuric Acid Antitrust Litig.* was decided on April 10, 2006, before the April 24, 2006 hearing. Furthermore, because *In re Sulfuric Acid Antitrust Litig.* merely clarifies that the common interest doctrine in the context of attorney-client privilege applies to all legal matters, and not just in the context of impending litigation or joint defenses, *In re Sulfuric Acid Antitrust Litig.* is consistent with the Court's previous decision and does not impact the April 24, 2006 order.

There are no grounds for reconsidering the Court's April 24, 2006 order, so Dragisic's motion must be denied.

### B. Reconsideration of Dragisic's Claims Would Not Change This Court's Order.

Even if the Court agreed to reconsider its April 24, 2006 order, Dragisic has not shown that an accountant-client privilege protects the "June 26, 2002 documents," nor that he shares a common interest with the other parties present at the meeting.

Illinois recognizes an accountant-client privilege. *In re October 1985 Grand Jury No. 746*, 530 N.E.2d 453, 456-57 (Ill. 1988). This privilege applies to information or evidence received by an accountant in confidence from the client and is intended to encourage people to make use of professional accounting services and to be frank and candid with such professionals. *Id.* at 457; *FMC Corp. v. Liberty Mutual Ins. Co.*, 603 N.E.2d 716, 718 (Ill. App. Ct. 1992). Four conditions are necessary for the establishment of this privilege: (1) the communications must originate in a confidence that they will not be disclosed, (2) this element of confidentiality must be essential to the full and satisfactory maintenance of the relations between the parties, (3) the relation must be one which in the opinion of the community ought to be sedulously fostered, and (4) the injury that would inure to the relation by the disclosure of the communication must be greater than the benefit thereby gained for the correct disposal of litigation. *In re October 1985 Grand Jury No. 746*, 530 N.E.2d at 456-57.

The accountant-client privilege does not extend to matters which are disclosed to a third party. *Id.* at 457-58. An exception to this rule exists where the third party shares a common interest with the disclosing party which is adverse to that of the party seeking discovery. *United States v. Evans*, 113 F.3d 1457, 1467 (7th Cir. 1997); *Allendale Mut. Ins. v. Bull Data Sys., Inc.*, 152 F.R.D. 132, 140 (N.D. Ill. 1993). Parties have a common interest where they have an

identical legal interest in the subject matter of a communication, *Allendale Mut. Ins.*, 152 F.R.D. at 140, and the communication is made in the course of an ongoing common enterprise and intended to further the enterprise. *Evans*, 113 F.3d at 1467. The common interest must be identical, not similar, and be legal, not solely commercial. *Allendale Mut. Ins.*, 152 F.R.D. at 140. *See also In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. at 416-17 (finding common interest must be in legal matter, not necessarily litigation).

Any accountant-client privilege that covered the "June 26, 2002 documents" was destroyed by the presence of third parties who did not share a common interest. First, Attorney Lang's May 7, 2002 email to Zepter establishes that, regardless of what the parties thought or intended, Attorney Lang represented White Eagle in June 2002. (Evid. Hearing, Ex. 2.) This is significant because Stanislava and White Eagle did not share a common interest. Based on the accountant's privilege log, it appears that the purpose of the June 26, 2002 meeting was for Abrams to advise Stanislava and Dragisic on the personal tax consequences of a settlement payment.[1] (Am. Privilege Log at 3.) White Eagle has no interest in Stanislava's personal tax benefits and Dragisic has not offered any evidence that Stanislava had any kind of agreement or contract with White Eagle.

Next, Stanislava did not share a common interest with her son, Dragisic. While Stanislava may have had personal and financial interests in common with Dragisic, she did not share his legal interest, as she was not directly involved in White Eagle or Dragisic's dispute with

---

[1] In his response brief, Zepter suggests that Stanislava retained Abrams and she alone has standing to assert the accountant-client privilege in this case. (Zepter's Resp. at 3.) Because evidence suggests Dragisic received strategy and tax advice from Abrams, (Am. Privilege Log at 3), the Court allowed him to argue the privilege.

Zepter. Furthermore, at the time of the June 2002 meeting, Stanislava was not acting as an agent of Dragisic, Abrams, or White Eagle. Dragisic's suggestion that he shared a common interest with Stanislava due to her role as a financier of his activities (and potential settlement) is not consistent with the relevant case law, *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. at 416-17 (common interest must be in a legal matter); *Allendale Mut. Ins.*, 152 F.R.D. at 140 (common interest must be legal not commercial), and is unworkable as a legal theory, as it would apply to countless persons whenever a third party lender of financier was involved. At oral argument, the Court asked Dragisic whether a definition of common interest that includes financiers would extend to institutional lenders such that accountant-client disclosures made in the presence of a client and officials from his bank would remain privileged. (Oral Arg., June 21, 2006.) Dragisic answered yes. (Id.) As this theory could potentially extend to bank employees, loan officers, bank officials and directors, and numerous other third parties, Dragisic's unreasonably broad definition of common interest must be rejected.

Finally, White Eagle did not share a common interest with Dragisic in June 2002. Dragisic suggests that he, Boricich, and White Eagle had a common interest in settling this case because it would have been better to find a way to pay back Zepter's investment instead of going forward with litigation. (Dragisic's Mot. at 5.) Under this strained definition of common interest, even Zepter's presence at the June 26, 2002 meeting would not have destroyed the accountant-client privilege because Zepter also shared a common interest in settling the case. Once again, Dragisic proposes a definition of common interest based on financial interest and the Court rejects it.

### C. Dragisic's New Argument is Baseless.

In his motion to reconsider, Dragisic argues for the first time that Abrams was likely providing accounting services to White Eagle so an accountant-client privilege exists between White Eagle and Abrams, as well as Dragisic and Abrams. (Dragisic's Mot. at 6.) Dragisic provides no evidence in support of this claim. Zepter, Boricich, and White Eagle, however, point to excerpts from Abram's deposition that read: "Q. Was White Eagle, Inc. ever a client? A. No." (Zepter's Resp. at 3; Zepter's Mot. Compel, Ex. B.) As there is no reason for this Court to believe that Abrams was providing accounting services to White Eagle in June 2002, the Court rejects this argument.

### III. Conclusion

Having found no grounds for reconsidering our previous decision, nor any showing of a common interest shared by the parties present at the June 26, 2002 meeting, the Court continues to find that the accountant-client privilege has been waived with regard to the "June 26, 2002 documents" and denies Dragisic's motion.

**ENTER ORDER:**

*[signature]*

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: July 12, 2006.

Copies have been mailed to:

| | |
|---|---|
| LAWRENCE M. BENJAMIN, Esq.<br>DAO L. BOYLE, Esq.<br>Neal, Gerber & Eisenberg, L.L.P.<br>Two North LaSalle Street<br>Suite 2200<br>Chicago, IL 60602<br><br>Attorneys for Plaintiff | ALAN E. SOHN, Esq.<br>Law Offices of Alan E. Sohn<br>30 North LaSalle Street<br>Suite 2040<br>Chicago, IL 60602-2506<br><br>Attorney for Defendant, Phillip Dragisic<br><br>JOHN R. OSTOJIC, Esq.<br>THEODORE T. SCUDDER, Esq.<br>Ostojic & Scudder, L.L.C.<br>332 South Michigan Avenue<br>Suite 1000<br>Chicago, IL 60604<br><br>Attorneys for Defendants, White Eagle,<br>  Inc. and Branko Boricich |